**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

TYREESE WICKER,
*individually and on behalf of others similarly situated,*

                      Plaintiff,

v.

BLOOMFIELD DISCOUNT, LLC,
JERSEY PLAZA, LLC, MOHAMMAD ASIF KHAN,
and DHAVAL JAIN

                      Defendants.
_____

Civil Action No.

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff TYREESE WICKER, on behalf of himself and all others similarly situated, by and through his attorneys DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants BLOOMFIELD DISCOUNT LLC, JERSEY PLAZA, LLC, and DHAVAL JAIN (collectively referred to as "Defendants,") upon information and belief as follows:

## **INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and all others similarly situated, complaining that the Defendants violated Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD") based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against on the basis of his sex and race.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et. seq.*; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction here.

5. In or around January 24, 2017, Plaintiff submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC"). The federal charge number is 524-2017-00377.

6. In or around July 18, 2019, Plaintiff received a Right to Sue Letter from the EEOC for federal charge number 524-2017-00377.

7. Plaintiff satisfied all administrative prerequisites and is filing this case within the applicable Statute of Limitations.

## PARTIES

8. Plaintiff is an African-American male who is a resident of the State of New Jersey, Essex County.

9. Defendant BLOOMFIELD DISCOUNT LLC (hereinafter referred to as "Bloomfield Discount") is a limited liability company duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

10. Defendant JERSEY PLAZA LLC (hereinafter referred to as "Jersey Plaza") is a limited liability company duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

11. At all times material, MOHAMMAD ASIF KHAN (hereinafter referred to as "KHAN") was and is the Owner/General Manager at Defendant BLOOMFIELD DISCOUNT. KHAN held the power to hire Plaintiff.

12. At all times material, DHAVAL JAIN (hereinafter referred to as "JAIN") was and is the Manager of Defendant BLOOMFIELD DISCOUNT. JAIN held the power to hire Plaintiff.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action individually and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

    > All African-American or male persons that have applied to work for the Defendants during the last five (5) years whose job applications were rejected from employment with the Defendants (the members of the putative class are hereinafter referred to as "New Jersey Class Plaintiffs").

14. The members of the class are so numerous that joinder of all members is impractical. New Jersey Class Plaintiffs may be informed of the pendency of this class action by direct mail.

15. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including but not limited to:

    a. Whether Plaintiff and the New Jersey Class Plaintiffs were unlawfully denied employment based on their sex and/or race;

    b. Whether Plaintiff and the New Jersey Class Plaintiffs were qualified for the jobs that they have applied and rejected based in whole or in part on their membership in a protected category;

    c. Whether Plaintiff and New Jersey Class Plaintiffs have suffered and are entitled to damages, and if so, in what amount;

    d. Whether Plaintiff and the New Jersey Class Plaintiffs are entitled to liquated damages.

16. Plaintiff's claims are typical of the claims of the New Jersey Class Plaintiffs. Plaintiff applied to work for the Defendants and was unlawfully rejected based on his race and sex. As such, Plaintiff suffered injuries as those suffered by the New Jersey Class Plaintiffs as a result of Defendants' failure to hire him based on his membership in a protected category. Defendants' conduct of violating the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and NJLAD, has affected Plaintiff and the New Jersey Class Plaintiffs in the exact same way.

17. Plaintiff will fairly and adequately represent and protect the interests of the New Jersey Class Plaintiffs. Plaintiff is similarly situated to the New Jersey Class Plaintiffs and has no conflicts with the members of the New Jersey Class Plaintiffs.

18. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

19. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff's New Jersey state law claims are properly maintained as a class action because:

    a. The prosecution of separate actions by or against individual members of the New Jersey Class Plaintiffs would create a risk of inconsistent or varying adjudication with respect to individual members of the New Jersey Class Plaintiffs that would establish incompatible standards of conduct for Defendants;

    b. Defendants, by failing to hire individuals based on their sex and/or race in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and NJLAD, has acted or refused to act on grounds generally applicable to the New Jersey Class Plaintiffs, thereby making the requested relief appropriate with respect to the New Jersey Class Plaintiffs as a whole; and

    c. The common questions of law and fact set forth above applicable to the New Jersey Class Plaintiffs predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of this controversy.

20. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, the expenses and burden of individual litigation would make it difficult for the New Jersey Class Plaintiffs to bring individual claims. Thus, the presentation of separate actions by individual New Jersey Class Plaintiffs could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the New Jersey Class Plaintiffs to protect his or her interests.

## STATEMENT OF FACTS

21. Around April 3, 2016, Plaintiff was shopping at Defendants' retail store in Bloomfield, New Jersey when he noticed a "help wanted" sign and inquired about applying for a job.

22. However, Plaintiff was informed that Defendants were only looking for cashiers and that the owner only hires women for the cashier position.

23. In response, Plaintiff demanded to speak with the manager to inquire further about Defendants' discriminatory hiring policies.

24. Thereafter, Defendants' Manager Jain confirms Defendants' discriminatory hiring policies and tells Plaintiff that "**WE ARE HIRING LADIES FOR THE CASHIER POSITION**" and that "**MEN DO THE FLOORS**."

25. In response, Plaintiff protests that Defendants hiring policies are blatantly discriminatory.

26. However, Defendants refused to meaningfully acknowledge Plaintiff's grievance and instructed him to write his name and number in a notebook that was on the front counter.

27. Plaintiff was never contacted by Respondent and was never hired for the cashier position.

28. Defendants knowingly refuse to place men in the position of cashier. In fact, of the twenty (20) employees whose only job title is "cashier," nineteen (19) are women.

29. Additionally, Defendants discriminate on the basis of race in both hiring and steering. In 2015-2016, Defendants hired fifty-five (55) people. However, only six (6) employees were African-American.[1]

30. Plaintiff was qualified to perform the job he sought with Defendants, and Defendants refused to hire Plaintiff to the position he sought because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and NJLAD.

31. Defendants engaged in a pattern or practice of unlawfully considering the race and sex of an applicant, and refused to meaningfully consider African-American or male applicants for certain position. Defendants' unlawful consideration of race and sex has been applied to all African-American or male applicants who have sought certain positions with Defendants.

32. Ultimately, Defendants discriminated against and retaliated against Plaintiff on the basis of his sex and race, and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes.

33. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

---

[1] The two African-American women were cashiers. In terms of the men, one was a driver, two were stockpersons, and one was a stockperson/security guard.

34. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, excessive anxiety, and physical ailments.

35. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured irreparable damage to his professional reputation.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

38. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

39. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(AGAINST DEFENDANT BLOOMFIELD DISCOUNT AND JERSEY PLAZA)**

37. Plaintiff, individually and on behalf of all persons similarly situated, repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

7

38. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

39. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Among other discriminatory comments and conduct, Defendant Bloomfield Discount and Jersey Plaza discriminated against Plaintiff on the basis of Plaintiff's race, color, national origin, sex, and gender. Plaintiff complains of Defendant Bloomfield Discount's and Jersey Plaza's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, national origin, sex, and gender.

40. Defendant Bloomfield Discount and Jersey Plaza engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff and the New Jersey Class Plaintiffs as set forth herein.

41. Defendant Bloomfield Discount and Jersey Plaza violated the above and Plaintiff and the New Jersey Class Plaintiffs suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (AGAINST DEFENDANT BLOOMFIELD DISCOUNT AND JERSEY PLAZA)

42. Plaintiff individually and on behalf of all persons similarly situated, repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. Defendant Bloomfield Discount and Jersey Plaza engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff and the New Jersey Class Plaintiffs with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendants.

45. Defendant Bloomfield Discount and Jersey Plaza violated the above and Plaintiff and the New Jersey Class Plaintiffs suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
## (AGAINST ALL DEFENDANTS)

46. Plaintiff individually and on behalf of all persons similarly situated, repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

47. 42 U.S. Code § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and

 to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

48. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African-American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

49. As a result of Defendants' discrimination in violation of 42 U.S.C. §1981. Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

50. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and numerous other individuals, thereby entitling Plaintiff and the New Jersey Class Plaintiffs to an award of punitive damages.

51. Defendants violated the above and Plaintiff and the New Jersey Class Plaintiffs suffered numerous damages as a result.

52. Plaintiff and the New Jersey Class Plaintiffs make a claim against Defendants under all of the applicable paragraphs of 42 U.S.C. §1981.

53. Plaintiff and the New Jersey Class Plaintiffs claims Defendants both unlawfully discriminated against Plaintiff and the New Jersey Class Plaintiffs and unlawfully retaliated against Plaintiff and the New Jersey Class Plaintiffs in violated of 42 U.S.C. §1981.

**AS A FOURTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER NEW JERSEY STATE LAW
(AGAINST ALL DEFENDANTS)**

54. Plaintiff individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

55. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , color, . . . to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56. The full statute reads as follows: **10:5-12. Unlawful employment practices, discrimination.**

   It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:

   a.   For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical

hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment; provided, however, it shall not be an unlawful employment practice to refuse to accept for employment an applicant who has received a notice of induction or orders to report for active duty in the armed forces; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment any person on the basis of sex in those certain circumstances where sex is a bona fide occupational qualification, reasonably necessary to the normal operation of the particular business or enterprise; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment or to promote any person over 70 years of age; provided further that it shall not be an unlawful employment practice for a club exclusively social or fraternal to use club membership as a uniform qualification for employment, or for a religious association or organization to utilize religious affiliation as a uniform qualification in the employment of clergy, religious teachers or other employees engaged in the religious activities of the association or organization, or in following the tenets of its religion in establishing and utilizing criteria for employment of an employee; provided further, that it shall not be an unlawful employment practice to require the retirement of any employee who, for the two-year period immediately before retirement, is employed in a bona fide executive or a high policy-making position, if that employee is

entitled to an immediate non-forfeitable annual retirement benefit from a pension, profit sharing, savings or deferred retirement plan, or any combination of those plans, of the employer of that employee which equals in the aggregate at least $27,000.00; and provided further that an employer may restrict employment to citizens of the United States where such restriction is required by federal law or is otherwise necessary to protect the national interest.

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff and the New Jersey Class Plaintiffs as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATON UNDER NEW JERSEY STATE LAW
## (AGAINST ALL DEFENDANTS)

58. Plaintiff individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

59. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

60. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff and the New Jersey Class Plaintiffs as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER NEW JERSEY STATE LAW
## (AGAINST ALL DEFENDANTS)

61. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

62. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff and the New Jersey Class Plaintiffs as set forth herein.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the New Jersey Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiff as the representative of the New Jersey Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiff and the New Jersey Class Plaintiffs for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices;

c. An award to Plaintiff and the New Jersey Class Plaintiffs for compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

d.  An award to Plaintiff and the New Jersey Class Plaintiffs for punitive damages against Defendants, jointly and severally because Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law;

e.  An award to Plaintiff and the New Jersey Class Plaintiffs for reasonable attorneys' fees and all costs; and

f.  An award to Plaintiff and the New Jersey Class Plaintiffs for any other damages available to them under applicable federal and state law, and all such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the New Jersey Class Plaintiffs hereby demands a trial by jury on all questions of fact raised by this Complaint.

Date:   New York, New York
        October 16, 2019

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC.**

BY:  __/s/ Daniel Altaras_____
    Daniel J. Altaras, Esq.
    *Attorneys for Plaintiff & Proposed Class*
    One Penn Plaza, Suite 4905
    New York, New York 10119
    (212) 587-0760