**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TYREESE WICKER,** | |
| **Plaintiff,** | Docket No.: 19-cv-19053 (WJM) |
| v. | **OPINION** |
| **BLOOMFIELD DISCOUNT, LLC, JERSEY PLAZA, LLC, MOHAMMAD ASIF KHAN,** and **DHAVAL JAIN,** | |
| **Defendants.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

This is an employment discrimination case. Plaintiff filed this putative class action against Defendant Bloomfield Discount, LLC, Jersey Plaza LLC ("Jersey Plaza"), Mohammad Asif Khan, and Dhaval Jain. Plaintiff alleges discrimination and retaliation under Title VII of the Civil Rights Act of 1964, discrimination under 42 U.S.C. §1981, and discrimination, retaliation and aiding and abetting under the New Jersey Law Against Discrimination ("LAD"). This matter comes before the Court on Defendants Jersey Plaza's and Mohammad Khan's motions to dismiss. ECF Nos. 15 & 16. For the reasons stated below, Defendant Jersey Plaza's motion is **GRANTED**. Defendant Khan's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND[1]

Plaintiff Tyreese Wicker is an African American male and resident of Essex County, New Jersey. Am. Compl. ¶ 8, ECF No. 14. Plaintiff alleges that on April 23, 2016, he inquired about working at Defendant Bloomfield Discount. *Id.* at ¶ 24. Plaintiff claims he was told by an unspecified person that the store was only looking for cashiers and that "the owner only hires women for the cashier position." *Id.* at ¶ 25. Plaintiff further alleges that he then spoke with Defendant Dhaval Jain, the manager on duty at Bloomfield Discount, who told Plaintiff that Bloomfield Discount was "hiring ladies for the cashier position" and that "men do the floors." *Id.* at ¶ 27. Plaintiff was instructed to write his name and number in a notebook but claims that he was neither contacted nor hired for the cashier position. *Id.* at ¶29, 30.

---

[1]     The following facts, taken from the Complaint, are accepted as true for the purpose of this Opinion.

Defendant Bloomfield Discount was purchased two years after this incident by Defendant Jersey Plaza in September 2018.  *Id.* at ¶ 10, 11.  Defendant Mohammad Asif Khan is the Owner and General Manager of Bloomfield Discount.  *Id.* at ¶¶ 13, 14.  Plaintiff contends that Defendant Bloomfield Discount engages in a practice or pattern of unlawfully considering the race and sex of an applicant, and in doing so, does not meaningfully consider African American or male applicants for certain positions.  *Id.* at ¶ 34.  Of the twenty employees whose job title is "cashier," nineteen are women.  *Id.* at ¶ 31.  Additionally, from 2015 to 2016, 55 people were hired, and only six employees were African American.  *Id.* at ¶ 32.  Plaintiff alleges that he was discriminated against on the basis of race and sex which prevented him from being hired for the position he sought and for which he was qualified.  *Id* at ¶ 33.  Before the Court is Jersey Plaza's motion to dismiss all six claims against it and Mohammad Khan's motion to dismiss four claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  ECF Nos. 15 & 16.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.    Discussion

Plaintiff asserts the following claims: (1) employment discrimination under Title VII; (2) retaliation under Title VII; (3) discrimination under 42 U.S.C. § 1981; (4) employment discrimination under New Jersey's Law Against Discrimination; (5) retaliation under New Jersey's Law Against Discrimination; and (6) aiding and abetting under New Jersey's Law Against Discrimination.  ECF No. 14.  Defendants Jersey Plaza and Mohammad Khan separately move to dismiss Plaintiff's Amended Complaint.

### A. Jersey Plaza

Defendant Jersey Plaza moves to dismiss Plaintiff's amended complaint under Rule 12 (b)(6) for failure to state a claim.  Plaintiff brings all six claims against Jersey Plaza stemming from its alleged hiring practices in violation of state and federal law.  Jersey Plaza moves to dismiss all six counts, arguing: (1) Plaintiff has not satisfied the standard of review on a motion to dismiss and (2) that Plaintiff's claims are barred as a matter of law.  To prevail on a motion to dismiss, a Plaintiff must demonstrate that a claim is facially plausible by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678 (2009).  Here, Plaintiff is required to allege facts of discriminatory or retaliatory conduct by Jersey Plaza in violation of Title VII and the New Jersey Law Against Discrimination.  Am. Compl. ¶ 33.  Defendant argues that Plaintiff's factual pleadings are insufficient.  The Court agrees.

Plaintiff includes two facts in the Amended Complaint that concern Jersey Plaza, namely: (1) Jersey Plaza "purchased Bloomfield Discount" in or about September 2018 and (2) "around June 2019, the EEOC amended their initial determination which found reasonable cause to believe Bloomfield Discount was discriminating on the basis of sex and race in their hiring practices to include Jersey Plaza as a named Respondent." *Id.* at ¶ 11–12.  These facts, while taken as true, do not plausibly implicate Jersey Plaza in discriminatory or retaliatory conduct.  Jersey Plaza did not exist at the time of the alleged incident on April 23, 2016.  It was incorporated on April 19, 2018 and subsequently purchased Bloomfield Discount in September 2018.  Plaintiff appears to rely on a theory of successor liability as a way to hold Jersey Plaza liable for Bloomfield Discount's debt and liabilities.[2]  Plaintiff, however, does not plead facts supporting a theory of successor liability in his complaint.

Therefore, for the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted as to Jersey Plaza.  Defendant Jersey Plaza's motion to dismiss is **GRANTED**.  Plaintiffs' request for limited discovery, ECF No. 20, is **DENIED**.

### B. Mohammad Khan

Plaintiff brings four claims against Defendant Mohammad Khan ("Khan"): (1) Discrimination under 42 U.S.C. § 1981; (2) Discrimination under New Jersey LAD; (3) Retaliation under New Jersey LAD; and (4) Aiding and Abetting under New Jersey LAD.  Am. Compl. ¶ 46-63.  Defendant Khan moves to dismiss all four counts.

---

[2]    This Court has recognized that a corporation succeeds to the liabilities of another corporation only in limited instances. *See Portfolio Fin. Servicing Co. ex. Rel. Jacom Computer Servs. v. Sharemax.com, Inc*., 334 F. Supp.2d 620, 625 (D.N.J. 2004).

### 1.  Discrimination under 42 U.S.C § 1981

In Count Three, Plaintiff alleges that Defendant Khan discriminated against him in violation of § 1981, which prohibits racial discrimination in the making and enforcement of contracts.  The Supreme Court has held that "§ 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 476, (2006).  To establish a § 1981 claim, and survive a motion to dismiss, a plaintiff must allege: (1) that plaintiff is a member of a racial minority; (2) the intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute."  Brown v. Philip Morris Inc., 250 F. 3d 789, 797 (3rd Cir. 2001).

Plaintiff has not alleged that he suffered racial discrimination and that the defendant's actions violated any of his enumerated rights.  The only reference to Khan's discriminatory intent is the following statement: "defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African-American individuals of the equal rights described therein, in further violation of 42 U.S.C. § 1981." Am. Compl. ¶ 48.  The fact alleged to support this allegation is that Defendant Bloomfield Discount hired 55 people between 2015 and 2016, six of whom were African American. This statistic does not support a reasonable inference that, for reasons related to race, Defendant Khan impaired the creation or performance of a contract to which Plaintiff was a party.  No other facts are alleged that show that Defendant Khan had any intent to deprive Plaintiff of the enumerated rights of the statute.  Since, "conclusory allegations of generalized racial bias do not establish discriminatory intent," Plaintiff has not alleged that Khan acted with racial animus.  *Jones v. School Dist. of Philadelphia,* 19 F.Supp.2d 414, 421 (E.D.Pa.1998), *aff'd,* 198 F.3d 403 (3d Cir.1999) (citing *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 264–68 (1977)).  Accordingly, Defendant Khan's motion to dismiss as to Count Three is **GRANTED**.

### 2.  New Jersey Law Against Discrimination

The LAD provides, in relevant part, that "employers" are liable for acts of employment discrimination and defines with specificity who is an employer for this purpose.  *See* N.J.S.A. 10:5–12(a).  The LAD also includes a prohibition that is broadly applicable and provides that "[i]t shall be . . . unlawful discrimination ... [f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden [under the LAD]. . . ."  N.J.S.A. 10:5–12(e).

The term employer in the LAD does not include a supervisor.  *See Tarr v. Ciasulli*, 181 N.J. 70, 83 (2004).  Instead, individual liability of supervisors under LAD may only arise through the "aiding and abetting" mechanism that applies to "any person."  *Cicchetti*

*v. Morris Cnty. Sheriff's Office*, 194 N.J. 563, 594 (2008). Accordingly, Plaintiff's claims of discrimination and retaliation, Counts Four and Five, as to Defendant Khan must fail because individual liability cannot be imposed for such types of claims under NJLAD. Defendant Khan's Motion to Dismiss as to Counts Four and Five is **GRANTED**.

### a.  Aiding and Abetting

In Count Six, Plaintiff pleads aiding and abetting under NJLAD as against Defendant Khan. A supervisor may be found individually liable under the LAD if he aids and abets the action prohibited by the act. *Cicchetti*, 194 N.J at 594. To impose such liability as an aider or abettor, a plaintiff must show that defendant (1) aided the party performing a wrongful act that causes an injury; (2) is "generally aware of his role as part of an overall illegal or tortious activity at the time he provides the assistance;" and (3) knowingly and substantially assisted the principal violation. *Id.* (citing *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004)).

Plaintiff argues that Bloomfield Discount's discriminatory policy stems from Khan's discriminatory intent to only hire women as cashiers. Br. in Opp'n at 6. The facts alleged to support this allegation are that "Plaintiff was informed that Defendants were only looking for cashiers and the owner only hires women for the cashier position." Plaintiff is then told by the manager on duty that "we are hiring ladies for the cashier position" and that "men do the floors." Here, Plaintiff argues that this comment served to perpetuate Khan's unlawful policy of discrimination on the basis of sex. He alleges that the manager, Jain, is a person in charge who stands in for Khan on occasion and is given the authority to make hiring decisions on his behalf. Am. Compl. ¶ 15. As such, Khan is generally aware of his role as part of an overall illegal activity when Jain, with the authority to hire people, tells potential employees that "we only hire women for the cashier position." It can be inferred from the statement that the owner only hires women for the cashier position that Khan knowingly and substantially assisted in creating this policy. Khan's motion to dismiss as to Count Six is therefore **DENIED**.

## IV.   CONCLUSION

Defendant Jersey Plaza's Motion to Dismiss, ECF No. 15, is **GRANTED**. Plaintiff's Amended Complaint as to Jersey Plaza is **DISMISSED WITH PREJUDICE.** Defendant Khan's Motion to Dismiss, ECF No. 16, is **GRANTED IN PART** and **DENIED IN PART**. Counts Three, Four, and Five of Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendant Khan.

**Date: September 2, 2020**

**WILLIAM J. MARTINI, U.S.D.J.**